# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAGALY RAMIREZ,**

       **Plaintiff,**

**-vs-**                                                   **Case No. 6:04-cv-176-Orl-KRS**

**CARIBBEAN FOOD MARKET,**
**AUGUSTO BAEZ,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR TAXATION OF ATTORNEY'S FEES AND COSTS (Doc. No. 37)**
>
> **FILED:**    **July 8, 2005**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part with respect to the request for attorneys' fees and **DENIED** without prejudice with respect to taxation of costs.

After a bench trial, the Court found that Defendant Caribbean Food Market (Caribbean) violated the overtime pay provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

Plaintiff Magaly Ramirez now seeks an award of attorneys' fees pursuant to the FLSA.[1] Caribbean did not respond to the motion. Therefore, I consider the request to be unopposed.

The FLSA provides for a mandatory award of attorney's fees. 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433.

In the present case, Attorney Charles Scalise and Attorney Konstantine Pantas seek a rate of $300.00 per hour and paralegal Judy Escobedo seeks a rate of $95.00. Ramirez also asks that her interpreter, Bertha Alvarez, be treated as if she were a paralegal working on the case, and that she be compensated at a rate of $65.00 per hour.

Scalise avers that he has practiced law in Florida continuously since 1988. He has practiced exclusively in the area of employment law for seven years, and he has sixteen years of litigation

---

[1] Ramirez also seeks an award of costs. This request will be considered by the Clerk of Court through a Bill of Costs, which I have directed Ramirez to file separately from the motion for an award of attorneys' fees.

experience. Scalise attests that Pantas has practiced law in Florida since 1993. Pantas has practiced extensively in the area of employment law since 2000, and he has over eleven years of litigation experience. Scalise further avers that Escobedo has worked as a paralegal since 1999, and that Alvarez has worked as a paralegal since 2004. N. James Turner, Esq., averred that these hourly rates are reasonable based on his extensive experience as an employment law litigator in central Florida.

With respect to the hourly rates requested for Scalise and Pantas, I consider Turner's assessment of the reasonable hourly rates in central Florida, but I give it only limited weight because Turner did not address the factors enumerated in *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974), that are relevant to assessing a reasonable hourly rate. These factors include similarity of skill between Scalise, Pantas and others who have been paid a rate of $300.00 per hour, similarity of cases and clients, and the reputation of the lawyers that Turner used as comparables. *See Norman*, 836 F.2d at 1299.

I find that the proposed hourly rate for Escobedo is reasonable in the absence of objection. However, it is apparent from papers that Alvarez's work in this case was as an interpreter, not as a paralegal. Thus, a reasonable rate for her time is the rate charged by a court interpreter. The interpreter who translated proceedings at trial charged $50.00 per hour for her work. *See* Doc. No. 37-4. Accordingly, I find that $50.00 per hour is reasonable for Alvarez's work in this case.

As to Pantas, a rate of $300.00 per hour is inconsistent with the central Florida market for a lawyer with eleven or twelve years of experience. *See, e.g., Brother v. Int'l Beach Club Condominium Ass'n, Inc.*, No. 6:03-cv-444-ORL-28DAB, 2005 WL 1027240, at *7 (M.D. Fla. Apr. 28, 2005) (approving range of $200 to $275 for attorney with 19 years' experience and $125 to $165 for an

associate with 6 years' experience).   As for Scalise, while he may have practiced employment law for some time, his papers demonstrate some lack of skill in the area.  For instance, the jury instructions that were part of the pretrial statement did not include any reference to the standard for determining whether the individual defendant violated the FLSA, and did not include a provision for a determination of whether the FLSA violation by either defendant was willful.  Moreover, the motion for attorneys' fees relies almost exclusively on law that is not binding on this Court, even though there is ample law in the Eleventh Circuit addressing the issues raised.  Accordingly, I conclude that $250.00 per hour is reasonable for Scalise and that $200.00 per hour is reasonable for Pantas.  *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002) (noting that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees).

The next issue is whether the number of hours worked are reasonable.  "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

Scalise submitted a time sheet describing the work performed by each of the individuals for whom fees are sought.  Some of the work reflected on the time sheet is purely clerical in nature, and therefore, is not reimbursable.  Specifically, I find that the following entries are not reimbursable:  file

setup (Escobedo, .4 hours on 2/4/2004); preparation of civil cover sheet (Escobedo, .1 hour on 2/10/2004); calendaring deadlines established by the Court (Escobedo, .4 hours on 8/2/2004); telephone call to schedule depositions (Escobedo, .1 hour on 11/23/2004); preparation of facsimile transmissions (Escobedo, .1 hours on 11/23/2004, and .1 hour on 12/27/04).

In addition, some of the time spent by Scalise reviewing and preparing standard papers for filing in this Court is excessive. Specifically, I find that the following entries are excessive: review track two notice and notice of pendency, (Scalise .1 hour on 2/20/04); review of certificates of service (Scalise, .1 hour on 3/2/2004); preparation of certificate of interested persons and notice of pendency (Scalise, .2 hours on 3/2/2004); review of notice of availability of United States Magistrate Judge to exercise jurisdiction (Scalise, .1 hour on 6/2/2004).

Accordingly, I find that 1.2 hours of Escobedo's time spent on clerical tasks is not reasonable, and that the time spent by Scalise reviewing and preparing standard notices, etc., should be reduced by .3 hours. The remaining hours worked are, in the absence of objection, reasonable.

Accordingly, I conclude that the lodestar attorneys' fees figure in this case is as follows:

| **PROFESSIONAL** | **HOURLY RATE** | **HOURS WORKED** | **TOTAL** |
|---|---|---|---|
| Charles Scalise | $250.00 | 53.50 | $ 13,375.00 |
| K.E. Pantas | $200.00 | 3.70 | $ 740.00 |
| Judy Escobedo | $ 95.00 | 10.90 | $ 1,035.50 |
| Bertha Alvarez | $ 50.00 | 9.90 | $ 495.00 |
| **GRAND TOTAL** | | | **$15,645.50** |

Based on the foregoing reasons, it is **ORDERED** that Defendant Caribbean Food Market shall pay Ramirez attorneys' fees in the amount of $15,645.50.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties